Blackford, J.
— " The plaintiff contends that as this is an action of debt and one breach is for an escape after judgment, he had a light to this instruction. There is no doubt that when the escape is out of the execution, and the suit is in debt against the sheriff alone on his liability independently of his bond, the plaintiff, on proving the escape, is entitled to recover the amount of the judgment against the prisoner. 1 Selw. N. P. 615. The English statutes giving that remedy are in force here. Gwinn v. Hubbard, 3d Blackf. 14; Hall v. Johnson, id. 364. But this case is different. The suit is against the sheriff’s sureties and founded on their bond. We consider such obligors to be liable only for the damages actually sustained by the relators, to the extent of the penalty, for the breaches of duty committed by the sheriff. This suit, as to the damages, is like an action on the case at common law for an escape, in which action the jury give such damages as they choose under the circumstances of the case. 1 Selw. N. P. supra.”
It was also assigned for error that the sheriff was not included in the judgment. On this point, it was held, that it sufficiently appeared that the suit was abated as to the sheriff, and that he could not be included in the judgment.

Judgmen t affirmed.